# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0693V
Filed: September 27, 2019
UNPUBLISHED

| | |
|---|---|
| FLINT ALLEN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 16, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") after receiving the influenza vaccination on October 21, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 25, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for his GBS. On September 27, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $93,700.19, representing $92,500.00 in compensation for petitioner's past and future pain and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

suffering[3] and $1,200.19 in compensation for petitioner's past unreimbursable expenses.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $93,700.19, representing $92,500.00 in compensation for petitioner's actual and projected pain and suffering and $1,200.19 in compensation for petitioner's past unreimbursable expenses in the form of a check payable to petitioner, Flint Allen.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                            **s/Nora Beth Dorsey**
                                            Nora Beth Dorsey
                                            Chief Special Master

---

[3] Any amounts awarded for future pain and suffering have been reduced to net present value.  *See* § 15(a)(4) (requiring this reduction for amounts awarded for projected pain and suffering).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| FLINT ALLEN,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 18-693V<br>**Chief Special Master Dorsey**<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 16, 2018, Flint Allen ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 21, 2016.  On April 25, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that petitioner's GBS case is appropriate for compensation under the terms of the Act, and on April 25, 2019, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

### I.  Items of Compensation

#### A.  Pain and Suffering

Respondent proffers that Flint Allen should be awarded $92,500.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents Flint Allen's expenditure of past unreimbursable expenses as a result of his vaccine injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,200.19, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Flint Allen should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $93,700.19, representing compensation for pain and suffering ($92,500.00), and past unreimbursable expenses ($1,200.19), in the form of a check payable to petitioner, Flint Allen.

## III.  Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Flint Allen:                          **$93,700.19**


Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Julia M. Collison
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:    (202) 305-0102

Dated:        September 27, 2019